UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Prendeville, *et al.*, | Case No. 2:22-cv-00702-RFB-VCF |
| Plaintiffs, | |
| v. | **ORDER** |
| J.P. Morgan Chase Bank, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' Ex-Parte Motion for Temporary Restraining Order. ECF No. 2. Plaintiffs filed the Complaint in this matter on May 2, 2022. ECF No. 1. Plaintiffs seek an order from this Court enjoining the impending foreclosure of their home, located at 3877 Placita Del Lazo, Las Vegas, Nevada ("the Property"). Plaintiffs allege, in sum and substance, that Defendants lack standing to foreclose upon the Property because they lack any lawful ownership interest in either the Property or any debt obligation secured by the Property. The motion is supported by a memorandum of points and authorities, the declarations of John Prendeville and Joseph R. Esquivel, Jr., and various exhibits.

A temporary restraining order ("TRO") may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126,

1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The Court finds that, based on the facts alleged in the Complaint and Ex-Parte Motion for Temporary Restraining Order, there is not a likelihood of success on the merits, nor are there "serious questions going to the merits" raised by the motion. Alliance For The Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-1132 (9th Cir. 2011); see also Clear Channel Outdoor, Inc. v. City of L.A., 340 F.3d 810, 813 (9th Cir. 2003). An action for wrongful foreclosure requires the Plaintiff to establish that at the time of foreclosure, no breach of condition or failure of performance existed on the Plaintiff's part that would have authorized foreclosure or exercise of the power of sale. Collins v. Union Fed. S&L Ass'n, 662 P.2d 610, 623 (Nev. 1983); accord Chandler v. NDeX West, LLC, 571 Fed. Appx. 606, 608 (9th Cir. 2014). The Court finds that neither the Motion for Temporary Restraining Order nor the underlying Complaint contain any factual allegations as to whether Plaintiffs defaulted on their mortgage payments prior to notice of any foreclosure sale. Because Plaintiffs have not established that they were not in default on their mortgage payments, there is not a likelihood of success on the merits of Plaintiffs' claim that they are being subjected to a wrongful foreclosure.

Because Plaintiffs fail to demonstrate a likelihood of success on the merits, the Court need not evaluate the other Winter factors. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (stating that the Winter test requires a plaintiff "to make a showing on all four prongs").

**IT IS THEREFORE ORDERED** that Plaintiffs' Ex-Parte Motion for Temporary Restraining Order, ECF No. 2, is DENIED.

**DATED**: May 2, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**